COMMONWEALTH *vs*. JAMAL DAVIS. June 6, 2002. *Supreme Judicial Court,* Appeal from order of single justice.

A single justice of this court denied the Commonwealth's petition pursuant to G. L. c. 211, § 3, after a hearing, and the Commonwealth appeals. We affirm.

After the Commonwealth filed a memorandum and record appendix with us in accordance with S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), a judge in the Superior Court reported the underlying criminal case to the Appeals Court. Mass. R. Crim. P. 34, 378 Mass. 905 (1979).[1] We have compared the petition and the report. We can find no reason why the specific relief sought by the Commonwealth in its petition could not be obtained through the report.[2] The Appeals Court will decide (subject to further appellate review by this court, see Mass. R. A. P. 27.1, as amended, 426 Mass. 1602 [1998]) whether the Juvenile Court judge was required to make written findings in these circumstances. If the court concludes that she was, presumably she will be afforded a final opportunity to do so, and we trust that if that happens, the

---

[1]The question presented by the report is, in the judge's words, "[w]hether, in the circumstances of this case, the indictment charging Jamal Davis with murder must be dismissed where the Juvenile Court has failed to make written findings, in compliance with G. L. c. 119, § 72A, to support its determination that (1) probable cause existed to believe that Jamal Davis committed the offense charged of murder, and (2) that the interests of the public require that Jamal Davis be tried for this crime rather than released."

[2]The Commonwealth seeks a determination that the Juvenile Court judge was not required to make written findings, or, in the alternative, an order directing her to make findings.

judge would then comply with the Appeals Court's holding just as she would comply with a direction from this court pursuant to G. L. c. 211, § 3, to make any necessary findings.[3]

*A Juvenile* v. *Commonwealth (No. 1),* 380 Mass. 552 (1980), the principal case relied on by the Commonwealth, is distinguishable. The Superior Court judge in that case declined to report the underlying case. *Id.* at 555. Moreover, the single justice exercised his discretion to reserve and report the G. L. c. 211, § 3, case to the full court, *id.* at 553, 556, whereas the single justice in this case denied the petition.

Because of the pendency of the report in this case, extraordinary relief under G. L. c. 211, § 3, is not necessary. The judgment of the single justice is affirmed.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Jeremy C. Bucci,* Assistant District Attorney, for the Commonwealth.

---

[3]We intimate no view on whether findings were in fact necessary. That, as we have said, will be resolved in the course of the report.